Our next case is United States v. Carr. All right, Mr. Unger, you've got ten minutes, but you've reserved three for rebuttal. So that gives you seven minutes to start. Thank you. Thank you. And may it please the court, I'm Randall Unger. I represent Frank Carr, the appellant in this case. First point, the appellant did not waive his rights under 21 U.S.C. 851. Section 851 contains specific notice requirements to an accused regarding the right to challenge the accuracy. Look, there's no question about that, it seems to me, anyway, that he was not asked whether or not he acknowledged or was going to challenge 851. The district court didn't ask that question. I guess the issue is that's not dispositive, right? I mean, our case law makes it clear that where there's no prejudice, that that kind of error is not going to be a basis for reversal. Am I wrong about that? No. The court is correct. I guess, so why would it have made a difference? Because here, there's a clear acknowledgment in the plea agreement and during the plea allocution of the prior conviction, and in any event, the conviction was too old to be challenged under 851 anyway, wasn't it? I think it might have exceeded the statute of limitations, but that's a question that was never litigated in the district court. That was raised by the government for the first time on this appeal. Well, but that's the issue on appeal, is whether or not there was any prejudice. So what is the prejudice? How would anything have been different if the district court had properly asked the questions that it should have? I think, well, first off, I'm not sure if it's absolutely necessary for the appellant to establish prejudice, or I think more accurately- Well, we've also, the burden, I guess, I'm not making comments on the burden. I'm just saying, non-prejudicial errors in complying with the procedural requirements of 851 are not a grounds for reversal, correct? Yes, I agree with that, but I believe that under the Espinal decision, it's the potential for prejudice. I don't think the appellant has to establish actual prejudice. And if the court is going to ask, well, what could the appellant have argued? How could he have challenged the prior conviction? I'm not prepared to give a straight answer to that question. I mean- Well, is there any basis for us to conclude that there might be prejudice? Yes, I think there might be, based upon what I've seen of the appellant's involvement in his case. There was, for example, during the proceedings in the lower court, he made a correction to one of the prior convictions. He wanted, I think there was a manslaughter conviction that was originally contained in the 851 information. And he insisted that that be deleted. The government agreed to that. So there was a fair amount of involvement by the appellant himself with the assistance of- That may be, but it seems to me that if 851 doesn't allow for a challenge for such an old conviction, how could there be prejudice here? Well, I think, I'm not so certain that he couldn't challenge the prior conviction, even if it was past the statute of limitations. What's your basis for saying that? Well, I think that as a matter of due process, I think that a defendant who was being confronted with a prior conviction, which he might allege, if he has a basis, that it was unconstitutionally obtained. I don't know that a statute of limitations of five years or any type of statute of limitations would necessarily bar a defendant from making a constitutional challenge to the prior conviction. So again- You're saying that 851's time bar violates the due process clause? Well, I'm not saying in all cases it does. I think- Does it here? I mean, is there any basis to think that? Well, it could. All I'm suggesting is, and I'm not, there was no evidence presented by the appellant in the lower court in support of a challenge to the prior conviction. So the mere existence of a hypothetical would be enough to demonstrate that there's potential prejudice here? Well, no. What I would submit is that there's a potential for prejudice that was ignored in the lower court. Because the district court did not give the required advisements to the defendant at the time he pled guilty or prior to the imposition of the sentencing. He was- That sounds to me like it's really, you're asking us to announce a per se rule. If you don't do what's required in terms of asking the defendant about the prior conviction under 851, then we vacate the sentence and the conviction and we send it back. But that's not the law in this circuit. No, and I'm not proposing a per se rule of prejudice or anything of that nature. All I'm suggesting is that here, the district court had a duty under 851 to advise the defendant, look, you have the right to challenge this conviction. If you don't do so prior to the sentence, you're going to be barred forever from making such a challenge. These are not- If you're right, what would be the next step? A remand to the district court. To ask that question? Yes, and for reconsideration and whether or not the defendant, the appellant, does challenge the prior conviction. And in that event, there would have to be a hearing conducted, I submit. And that would be something that the statute specifically entitles him to. That wasn't done here. It wasn't Mr. Carr's fault that the district court didn't alert him to the fact that he had to alert the district court that he wished to make a challenge to his prior conviction. So I think, yes, he does bear the burden of showing that the prior conviction was infirm in some reason. He would bear that burden, of course. But you're not even offering a basis to say that now, right? I'm sorry? You're not even offering a basis to say that, are you? I'm not sure. The prior conviction was infirm? I'm saying he has the right to make that challenge. I mean, you're not saying that it was infirm. No, I'm not. You're saying that he has a right to argue that it was infirm. Which sounds like a per se rule that we're going to send it back anytime the question isn't asked. Because how would that ever not be the case, that a person might be able to argue something? Yeah, I'm not sure I could really answer the court's question, because as I stated before, I'm not suggesting a per se rule. And after all, most defendants who are sentenced in this type of case with an 851 information filed are not going to be appealing. They're not going to be raising any post-conviction challenges to the prior conviction. This appellant is. So when the court says, well, everybody would be making this argument, I don't know- But he is without articulating what it is that made this prejudicial. I mean, you're not saying that the failure to inquire by the district court led to this defendant waving a perfectly good argument about why his prior conviction was not a valid basis to enhance his sentence. You're not saying that. You're saying, maybe he could have done that. Well, maybe, but- Well, obviously, that's what he's attempting to do through this appeal. But without articulating a basis, right? Well, again, I have not been able to present a basis for a specific allegation that the prior conviction- But don't you kind of have to do that to argue that there's prejudice from the error of the district court? I go back to the argument that he's not, I submit, not required to show prejudice, but the potential for prejudice. Where the proceeding in the district court never gave the defendant the opportunity to affirm or deny the prior conviction, and never advised him of the fact that he could be barred forever from challenging the prior conviction. That's something that compromised the proceeding itself, and that is something that requires that this court remand the case for further consideration of the sentence in the district court, and I've reserved so- You have, I mean, other issues you had related to guidelines calculations. Well, I think both of those claims that were in the appellant's brief, they really depend upon this court's determination of the 851 claim. Okay, I was going to ask, so if the 851, if we were to affirm, hypothetically- Yeah. The 851 claim, would these sentencing, these procedural errors in the sentencing matter? I think they become somewhat academic, because with the 851 enhancement, the defendant received- He received the lowest- He received the mandatory minimum. So I think those claims fall or rise on the court's determination of the 851 claim, so I think they speak for themselves. All right, okay, thank you. We'll now hear from Mr. Reardon for ten minutes. Thank you, Your Honor. May it please the court, AUSA Connor Reardon for the United States. Obviously, the first order argument in the government's brief on the 851 issue is that Mr. Carr's waiver should be understood to reach his procedural rights under 851B. You're not conceding that, I mean, you are conceding that 851 was not complied with, right? You're just saying it was not prejudicial. Sure, I think that it was not complied with in the sense that the district court did not wait until after Mr. Carr had been convicted by way of his guilty plea, and then advise him before sentencing in a way that comports with what section 851B sets forth. But it is the government's position that doing so in this case was not required because Mr. Carr's waiver of his ultimate right to challenge his conviction necessarily entailed his waiver of the procedures that function as adjuncts to that ultimate right. I have to say, just personally, I don't find that particular argument very compelling. Waiver is very much something where it's not about implied or inherent or necessarily. And so the idea that, yes, he's saying I'm waiving my right, I'm waiving my challenge to this conviction under, presumably under 851A, to say that. Well, not necessarily, but he was also waiving 851B, even though he's being told in writing, by the way, this is what's going to happen at sentencing, the judge is going to ask you about that. I mean, I don't love that argument, but I mean, that's. Sure, your honor. In the government's view, the best way to understand that waiver provision in the plea agreement is a description of the ordinary procedures under section 851B, culminating in the express waiver of any right to raise a challenge under those procedures. We think that language, that structure, in context with our arguments about the way that the procedures don't stand alone, but function strictly as adjuncts or attendants to the ultimate right to challenge the conviction, means that we have a waiver of the procedures as well as the ultimate right. So in your view, would that also constitute, then, a waiver of any Rule 11 challenges? Your honor, I think that Rule 11 would be a bit different. Why? Well, so in deciding whether there's been a waiver in any given context, you start with the language of the instrument said to contain the waiver, and then you look at context as well. The Rule 11 context is a little bit different, right? Those cases tend to come up where a defendant says, I was not properly advised under Rule 11. As a result, my guilty plea is invalid. Now, it's a little bit odd in that context for the government to be arguing that something in the plea agreement, which sort of doesn't really become wholly operative until you have a change of plea proceeding that complies with all procedural requirements, including Rule 11, occurs. I will say, however, the government is perfectly happy for the court to skip right over the waiver question in the event that the court views that issue as closer. And simply decide- I think it probably would be good for everybody, district judges and every lawyer in the room, to understand Rule 11 and to understand Section 851. And ask the right questions, instead of teasing out waiver and teasing out whether or not this is good enough. So maybe, why isn't that the simple answer? I'm sorry, your honor, I think that- I guess what I'm trying to say is, you're trying to ask us to adopt a waiver theory, which now you're saying don't take too seriously and move on. But we don't want this to happen again. We don't want situations where district judges don't ask the right question for 851 or Rule 11. We don't want that. And so it's incumbent on judges and lawyers to ask the right questions. So it seems to me, your best argument is that there was an error here. And it wasn't prejudicial for several clear reasons. But it seems to me that this does matter, because we want this happening again, do we? No, your honor, in the event that the court concludes that there wasn't a waiver here, then certainly, in an ideal world, the district court would comply with the letter of Section 851B. Well, it seems to me, what you're saying is that if this is enough for waiver than any plea agreement that has the language that this plea agreement does, there is no need to do an 851 inquiry. Is that what you're saying? I think that it would depend on the language of the plea agreement in question. Okay, so this plea, so I assume this is a standard plea agreement for your district. So anybody who wants to get around 851 now just includes this in the plea agreement, and there's no need to do the 851 inquiry or colloquy. Sure, I'm not certain that I would view it as getting around 851. Why do you want to get around it? Why do we not want to just do it straight? Well, look, your honor, I certainly wouldn't see any harm in a plea agreement that includes all of the information about the defendant's rights under Section 851, as well as a plea colloquy that goes over that information. Well, we do that, typically, we do that. We, as a court system, we have plea agreements that are belt and suspenders. They say what the guidelines are, they say what the maximum penalties are, they do all that. But if the judge doesn't do those things before the plea, it doesn't really matter, right? It's a violation of Rule 11 for those instances, correct? Yes, that's correct, your honor. I think that this context, again, is slightly different in that 851B contemplates that this colloquy is happening after the change of plea hearing has occurred. And so that's the point where the waiver is effectuated. But again, the government is perfectly happy to skip over the question of waiver in the event that the court views it as close or if the court simply isn't persuaded by it, and for the court to decide this case on the basis of plain error or harmless error, which is, again, I think a question that the court can elide if it wishes to. Because it's quite clear that there is no prejudice to Mr. Carr here. And why is that? Let's talk about that. Well, I think there are three independent reasons. I'll take them slightly out of order. The first is that Mr. Carr hasn't identified, and he can't identify, any possible ground for challenging the fact or the validity of his prior conviction. I'll start with the fact of his prior conviction. This is a 2013 federal conviction for a narcotics offense. In the sentencing proceeding in this very case, Mr. Carr not only admitted to, but was sentenced for a violation of the supervised release period attaching to that prior federal conviction. It would appear that he accepts the fact that he is indeed the person who was convicted of a federal narcotics offense in 2013. So that's the fact of his conviction. As for the validity of his conviction, under Section 851E, there's a five-year time bar on raising a validity challenge. We're outside the five-year time bar in this case. The conviction became final in January of 2013, and the second offender information was filed in, I believe, October of 2020. So that's point number one. Point number two is that the purpose of Section 851B is to ensure that the defendants are aware of their rights under the statute. I think that the record overwhelmingly confirms that Mr. Carr was aware of his rights in this case. And the third point relates to an issue that the court brought up by way of a question earlier, you know, what would happen if this case went back? Well, even on Mr. Carr's understanding of the waiver provision, he says that it was, there's sort of a condition subsequent, right, to his waiver of his right to challenge the conviction. The idea is that after his guilty plea, the district court is supposed to say the words in Section 851B, and when the district court says that, the waiver kicks in, and he can't challenge the conviction. So, you know, in answer to the court's question, what would happen if the court were to decide that there were Section 851B error here and somehow it were prejudicial? I think the answer is that the case would go back, the court would simply ask whether he affirms or denies his conviction, and then advises him, I think, impliedly incorrectly that, you know, your right to challenge the conviction is going to be forfeited if you don't raise it before sentencing, you know, implying that he can raise a challenge if he does so before that point. And then once that happens, he has no right to deny his conviction or have a hearing on it. And so, at the end of the day, the stakes are sort of nonexistent here. Mr. Carr's arguments regarding potential prejudice, I think, lead ineluctably to the conclusion that 851B error always results in vacater, and that principle runs headlong into this court's decision in Espinal, which makes clear that at a minimum, errors of this kind have to be reviewed for harmlessness. Of course, our view is that plain error review is appropriate in this case. Now, as for the remaining sentencing arguments, they are, I believe, academic, particularly in view of the correct result on the 851 question. They're meritless in any event for the reasons that the government identifies in its briefing. I'm happy to answer any questions on those points. If there are none, then we're happy to rest on the papers and ask the court to affirm. All right. Thank you very much. Thank you. Mr. Reard, we will now hear from Mr. Unger for three minutes, if we'd like. Thank you. So, I think the government seeks to minimize the 851 provisions, and understandably, because they were not complied with in this case. But assuming they're not complied with, I guess the issue is, don't you have to be able to at least articulate a problem with the prior conviction that would mean remand would serve a purpose? Because you don't even articulate the reason, right? It would be one thing to say, well, this thing is not actually time-barred, or there is a due process problem here. But you're just saying that maybe there is. Right. Well, on appeal, I can't present new matters that were not litigated before the district court. That would be something that would have to be fleshed out when the case is remanded to the district court. I don't think it would be appropriate for me to state to the court, well, my understanding from privately communicating with the appellant is that he would argue X, Y, Z. I can't present that to this court. My understanding is that he always intended to challenge the prior conviction. I got that actually from a portion of the transcript where, and it's a very cryptic reference, but on page A101 of the appellant's appendix, the defendant was asking the, I think it was the magistrate judge, he had a question. He said, I have one question. Will I be able to challenge this statute? And the response was, absolutely, absolutely. My understanding is that it was at that stage that the defendant was asking, can I challenge the statutory 851 notice? I think that's the only way that that statement during the colloquy makes sense. In the course of my- You're saying the prejudice is that he didn't get to give it a good old college try to challenge the prior conviction. He wasn't given- Generally, prejudice means that there has to be some prospect for a different outcome, right? Yes, but what I'm saying is he wasn't given any opportunity to present any of this because it was never brought to his attention during the plea colloquy or during the sentencing that, sir, you have the right- But your view is it would be inappropriate to articulate in an appellate brief what those bases would have been to challenge the 851 prior conviction. What I'm saying is I can't inject new matters that were not presented in the lower court. I don't think that would be appropriate, so it's not something that I can present. Based upon my communications with the appellant, he has indicated to me certain things that he would be challenging. These are not things that I can present to this court. They're not part of the existing record. That's all I'm suggesting. Could he show prejudice if the case is remanded to the district court? I believe that he could. Am I prepared to present specifically what he would be alleging in order to challenge the prior conviction? I cannot do that at this juncture. So under Espinal, what does it mean then to show prejudice? I guess I'm trying to figure that out. What would be an example of prejudice under Espinal? In my opinion, and it may not be the court's shared opinion, but the mere fact that the district judge failed to conduct or to provide the defendant with the advisements regarding the impact of the 851 information, that itself is prejudicial. That itself undermined- But that's not a per se rule, isn't it? You keep saying it's not a per se rule. Well- But Espinal involved a similar failure to properly advise a defendant of the 851 column. Yes. And so you're saying that there's prejudice because, in this case, Mr. Carr wasn't advised of those things. I'm saying there's a potential for prejudice because he was never afforded the opportunity to raise a challenge. And because the court never informed him, you will forfeit forever your right to make such a challenge once the sentence is imposed. He was never alerted to this. Therefore, he was prejudiced as a result. All right. Thank you. We will reserve decision. Thank you both. Thank you. And that leads us to the last case that's on the argument calendar. There's only one party arguing. This is Publicola v. Lomenzo et al. The only lawyer who wished to argue was counsel for the town and Mr. Lomenzo. And that's Mr. Resilla? Resilla. Resilla. I'm sorry, Mr. Resilla. All right. So, Mr. Resilla, you have five minutes. And I guess maybe where we ought to start with is jurisdiction because we issued an order in this case requesting that the litigant file, not requesting, directing the litigant to file a signed brief and appeal. And that hasn't happened, right? So if that's the case, then we would be dismissing for lack of jurisdiction, right? I believe that's true, Your Honor. I don't know the number of days going by, but it's pretty, yeah, it was like 20 days or something that Your Honors gave. I haven't seen it, so I don't know. But that would be the reason to dismiss the case. And I am here to argue some of the other points that we made in the motions. This is what did Judge Lomenzo issued a ruling in February of 2018. And that ruling eventually was sent out for publication in April of 2018. And it's our position that all of that is subject to absolute judicial immunity under Bliven v. Hunt. Even if there's an allegation of bad faith, it still is subject to absolute judicial immunity. It's a function that's normally done by a judge. It's a decision on a ruling, and it's sending something out for publication. That's something that judges are supposed to do. And, you know, the decision to release a judicial opinion is a quintessential part of the adjudication of the motion. The 2018 decision is a decision written by the court, and the decision to publish it is also judicial immunity. And even if those decisions are incorrect, that doesn't matter. There also was a statute of limitations was an issue that was brought up about whether this case was even sued properly. The decision came down in February of 2018, and in April of 2018, it was sent for publication. This was not sued until December of 21, which would normally believe it's too late. I'm not certain about the judges, the 228 days that we had or whatever that was, because by the time December 2021 came around, all of that was over. So I think under that, I think it's also late for anything like that. And like Judge Hurd said, the plaintiff may believe otherwise. There's nothing conscious shocking about the inclusion of his name and address in Judge Lomenzo's decision. And he said the law reporting a publication of the judicial opinion with that information, its subsequent dissemination to third parties, or the refusal by Judge Randall to order some kind of relief from its publication on appeal, all of that is subject to, we believe, judicial immunity. And as far as- Well, that would cover some of the defendants and not all of the defendants, right? Right. And as far as the town is concerned, the Monell decision that the judge ruled upon, that covers this case. So we think we're entitled to affirmance of the dismissal, maybe on Your Honor's rulings, most recent ruling, or based on what actually happened with what was resolved. So I thank you. Okay, but you're not, I didn't hear you say anything about Rooker-Feldman, or did I? I'm sorry? The Rooker-Feldman doctrine, you're not relying on that? Well, that does apply as well. I didn't make that argument in my motion, but that certainly also applies. I mean, it's a decision that was made that apparently injured the plaintiff in allegedly some way, and the decision, it all came down and it was all over before the suit was put into place. So I think that does apply as well. There are a number of reasons why this case- Well, you're not saying you need it, though. No, I don't. As belt and suspenders, as it were. Right, right. So that's it, and I thank Your Honors for your attention this matter. Okay, thank you, Mr. Rizzillo. We will reserve the decision. Thank you. Thank you. That concludes our arguments on the calendar this morning. We have one other case that's fully on submission, and we'll reserve on that one as well. And so with that, let me thank everyone in attendance, and let me thank the clerk of court, who may now adjourn the court. Clerk, thank you, sir. Good, thank you, Ms. Beard. Thank you.